**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JEFFREY H. MIMS, Chapter 7 Trustee of VARTEC TELECOM, INC., and VARTEC TELECOM HOLDING CO.,

Plaintiffs,

v.

BCE, INC. et al.,

Defendants.

Civil Action No. 03-2203 (RJL/JMF)

**MEMORANDUM OPINION**

This case has been referred to me for the management of discovery disputes. Presently before the Court are Rural Telephone Finance Cooperative's Motion for Reimbursement [#70] and Defendants' Motion for Sanctions Against RTFC [#73].

**I. Background.**

This case arises out of a contract between VarTech Telecom, Inc. ("VarTech") and Teleglobe, Inc, a subsidiary of defendant BCE, Inc. Pursuant to that contract, VarTech agreed to purchase Excel, a subsidiary of Teleglobe. Teleglobe agreed to pay all pre-closing costs and VarTech agreed to pay all post-closing costs. Teleglobe subsequently declared bankruptcy and VarTech brought suit against its parent company BCE alleging that BCE misrepresented Teleglobe's solvency during the negotiations leading up to the agreement.

During the course of discovery, BCE served a third party subpoena on Rural Telephone Finance Cooperative ("RTFC"). RTFC opposed the subpoena and BCE filed a motion to enforce, which was granted without opinion by Judge Leon on May 12, 2008. In RTFC's opposition to BCE's motion to compel, RTFC specifically argues that it should be reimbursed for

its expenses incurred in responding to the subpoena in the event that the motion to compel is granted. Judge Leon's Order [#59] grants BCE's motion to compel, but does not address cost shifting. RTFC sought reconsideration on May 27, 2008, specifically with regard to the issue of costs. Judge Leon denied the request for reconsideration by minute order on July 3, 2008. Neither order mentions the issue of costs.

RTFC argues that Judge Leon, based on his silence, clearly did not consider its request for reimbursement but instead reserved the issue for later reconsideration. BCE contends that the opposite is true, that Judge Leon clearly decided in BCE's favor twice and RTFC should be sanctioned for bringing a frivolous motion.

## II. Analysis.

### A. Law of the case.

Pursuant to the law of the case doctrine, I am not permitted to revisit issues that Judge Leon has already decided. Arizona v. California, 460 U.S. 605, 618 (1983) (a decision upon a question of law should continue to govern the same issue in subsequent stages of the same case); LeShawn A. v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (the doctrine of the law of the case means that the same issue presented a second time in the same case in the same court should lead to the same result). Thus, if Judge Leon has already made a determination that RTFC is entitled to reimbursement under Federal Rule of Civil Procedure 45, then I will follow his decision and deny the motion.

RTFC argues that Judge Leon did not rule on its request regarding costs because his orders do not discuss the issue. RTFC relies on United States v. Columbia Broadcasting Sys., Inc., 666 F.2d 364 (9th Cir. 1982), where the 9th Circuit held that the parties had not waived

their rights to seek reimbursement because they explicitly reserved those rights in their motion to quash the subpoena. Id. at 368. This is not an appeal, and I am not concerned, at this juncture, with whether RTFC has adequately preserved its right to seek reimbursement under Rule 45. I am concerned with whether Judge Leon has already decided not to award costs. Thus, Columbia Broadcasting is not particularly instructive given that there "a stipulation was entered into by the studios and networks, in conjunction with the studios' post-production motion for costs, that contains no indication that the networks objected to the motion as having been previously adjudicated," and "the language of the district court's minute order suggests that it was the first and only time the court addressed the reimbursement issue." Id. I am not willing to accept RTFC's proposition that, where a court does not discuss an issue that has been fully briefed in an order or opinion, one should assume that the Court did not consider the issue.

This is not a case where Judge Leon's decision to enforce the subpoena rendered the issue of costs moot. See, e.g., Gaubert v. Gray, 747 F. Supp. 40, 45 (D.D.C. 1990) ("Because this Court finds defendants' arguments regarding immunity to be dispositive, the other issues raised by defendants in their Motion to Dismiss are not addressed in this Opinion."). In fact, the request for reconsideration focused entirely on the issue of costs. It is difficult to imagine how Judge Leon could be said to have denied the motion without considering costs. RTFC would suggest that Judge Leon denied the request for reconsideration not the request for costs, meaning that the order should be interpreted to mean that the Judge was declining to reconsider the issue at the time, without prejudice to reconsidering it later. Notably, however, Judge Leon did not deny the motion without prejudice; he just denied the motion. Such action does not mean "not now," it means "not ever." As the issue has already been decided by Judge Leon earlier in this litigation, I

decline to consider the issue of costs.

**B. Sanctions.**

BCE further argues that RTFC or its counsel should have to pay for the fees and expenses BCE incurred in defending this motion as a sanction for RTFC's conduct. Specifically, BCE argues that the Court should impose sanctions on RTFC's attorneys under 28 U.S.C. § 1927[1] or pursuant to the Court's inherent authority.

Section 1927 provides "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A violation of the statute occurs when a lawyer's conduct goes beyond mere negligence and carelessness and is reckless in light of the circumstances. United States v. Wallace, 964 F.2d 1214, 1219 (D.C. Cir. 1992).

In addition, "federal courts, in the exercise of their equitable powers, may award attorneys fees when the interests of justice so require." Hall v. Cole, 412 U.S. 1, 4-5 (1973). Thus, the court has authority to award fees as a sanction for acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 5. This "bad faith exception" is punitive in nature. F.D.I.C. v. Bank of N.Y., 479 F. Supp. 2d 1, 21 (D.D.C. 2007). To invoke the bad faith exception to the general rule that parties bear their own costs, BCE must demonstrate that RTFC operated primarily for the purpose of harassment. Id. ("A party is not to be penalized for maintaining an aggressive litigation posture, nor are good faith assertions of colorable claims or defenses to be

---

[1] All references to the U.S. Code refer to the versions available on Lexis and Westlaw.

discouraged. But advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto.").

The majority of BCE's allegations with regard to bad faith have to do with RTFC's allegedly obstructionist behavior in responding to the subpoena at the outset, by first refusing and then setting a series of conditions before it would comply. But BCE does not seek sanctions for discovery misconduct under Federal Rule of Civil Procedure 37; instead they argue that the instant motion was a baseless attempt to relitigate a question already decided.

While I have indicated that I agree with BCE that Judge Leon has ruled regarding the cost issue and the rulings are the law of the case, I decline to punish RTFC for seeking costs, despite Judge Leon's order. This is not a case where, for example, RTFC is seeking to relitigate an issue after it was discussed in detail by the court. Compare McLaughlin v. Bradlee, 803 F.2d 1197, 1205 (D.C. Cir. 1986) ("Even after the District Court had issued a final judgment in this case finding preclusion appropriate, and had warned McLaughlin that the court had seriously considered applying sanctions, he persisted in filing four insubstantial post-judgment motions."); Healey v. Labgold, 231 F. Supp. 2d 64, 68 (D.D.C. 2002) (awarding sanctions against party who brought lawsuit in D.C. after it had already been dismissed in Virginia for lack of standing). I cannot describe its seeking a final, definitive ruling on the question of costs as reckless or in bad faith given that the Order is silent and the amount at issue substantial. In my view, reasonable lawyers would not describe it as reckless to seek a final definitive statement before instructing the client to either pay or take an appeal. Accordingly, I decline to award fees as a sanction against RTFC in this case at this time.

**III. Conclusion.**

For the reasons stated herein, RTFC's Motion [#70] and BCE's Motion [#73] will both be denied.

An Order accompanies this Memorandum Opinion.

Date: February 24, 2009

/S/
JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE